UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA WALKER,

                Plaintiff,

-against-

ANNE-MARIE JOLLY; LETICIA JAMES;
MANHATTAN FAMILY COURT,

                Defendants.

23-CV-1430 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Cynthia Walker, who is proceeding *pro se* and *in forma pauperis* ("IFP"), brings this action under 42 U.S.C. § 1983, alleging that Defendants violated her federal constitutional rights.[1] Named as Defendants are New York City Family Court Administrative Judge Anne-Marie Jolly; the Manhattan Family Court; and New York State Attorney General Letitia James. Plaintiff alleges that she was prevented from filing a motion in a closed family court proceeding because her "motion is Res Judicata," and because, pursuant to an order entered by Kings County Family Court Judge Alan Beckoff, Plaintiff must seek leave of the court before filing any new motions.[2] (ECF 1, at 1.)

---

[1] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, court submissions that refer to the name of a minor child must do so by using only the child's name's initials. *See* Fed. R. Civ. P. 5.2(a)(3). Plaintiff's complaint reveals the full name of a minor child. Thus, in an abundance of caution, the Court has directed the Clerk of Court to restrict electronic access to that submission to a "case participant-only" basis. If Plaintiff refers to a minor child in any future filings, she must comply with Rule 5.2 by referring to any minor child using only that child's initials.

[2] Plaintiff does not specify the family court in which she attempted to file the motion. Because she sues the Manhattan Family Court, the Court assumes she attempted to file the motion in that court. However, the Court notes that that the filing injunction Plaintiff seeks to challenge was entered by a Kings County Family Court judge, and documents attached to the complaint show that Plaintiff's family court proceedings took place in Kings County Family Court.

Plaintiff has filed an unsigned order to show cause requesting a preliminary injunction directing Judge Jolly and the Manhattan Family Court to "immediately permit" Plaintiff to file her motion. (*Id.* at 5; *see also* ECF 3.) To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Specifically, Plaintiff's claims – in which she asks this Court to review and vacate a state court's decision to impose a filing injunction on her – are likely barred by the *Rooker-Feldman* doctrine.[3] *See Szymonik v. Connecticut*, No. 3:18-CV-0263 (MPS), 2019 WL 203117, at 3-5 (D. Conn. Jan. 15, 2019) (plaintiff's constitutional challenge to family court's imposition of leave-to-file injunction barred by *Rooker-Feldman* doctrine), *aff'd*, 807 F. App'x 97 (2d Cir. 2020).

---

[3] The *Rooker-Feldman* doctrine – created by two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

Moreover, Plaintiff's claims against Judge Jolly are likely barred by the doctrine of absolute judicial immunity. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Mireles v. Waco*, 502 U.S. 9, 12 (1991) ("A court's control of its docket is . . . a judicial act because is it part of a court's function of resolving disputes between parties.") (internal quotation marks and alteration omitted). Finally, Plaintiff likely fails to state a claim against the Manhattan Family Court because it is not a person with the capacity to be sued under Section 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Zuckerman v. Appellate Div., Second Dep't, Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (holding that a state court is not a "person" for the purpose of Section 1983 liability).[4]

Accordingly, Plaintiff's request for an order to show cause (ECF 3) is denied. The Court will fully address the merits of the complaint in due course.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF 3) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[4] Moreover, because the Manhattan Family Court is a part of the New York State Unified Court System, Plaintiff's claims against it are also barred by the Eleventh Amendment. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("[T]he New York State Unified Court system is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity.") (citation omitted); *Murray v. Thompson*, No. 17-CV-7004, 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 6, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge